# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

REBECCA P HENRY,

    Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 2:18-CV-00004-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Rebecca P. Henry, proceeding *pro se*, filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 8.

After considering the record, the Court concludes Plaintiff has failed to show the Administrative Law Judge ("ALJ") was biased or erred in her consideration of Ms. Catherine Phillips's opinion. However, the ALJ failed to properly consider the medical opinion of Dr.

Kathleen Andersen. Had the ALJ properly considered Dr. Andersen's opinion, she may have included additional limitations in the residual functional capacity ("RFC"). The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 20, 2013, Plaintiff filed an application for SSI, alleging disability as of June 9, 2009. *See* Dkt. 9, Administrative Record ("AR") 16. The application was denied on initial administrative review and on reconsideration. *See* AR 16. A hearing was held before ALJ Mary Gallagher Dilley on August 12, 2015. *See* AR 38-66. In a decision dated July 27, 2016, the ALJ determined Plaintiff to be not disabled. AR 16-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5, 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff asserts the ALJ: (1) is biased; (2) failed to properly consider the opinions of Dr. Kathleen Andersen, M.D. and Ms. Catherine Phillips, LICSW; (3) failed to properly consider Plaintiff's subjective symptom testimony; and (4) failed to properly consider the vocational expert's testimony. Dkt. 11.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ was biased.**

In the Opening Brief, Plaintiff contends the ALJ was biased because the ALJ interrupted Plaintiff during the hearing and misinterpreted the evidence. Dkt. 11; *see also* Dkt. 15.

ALJs who decide social security claims are presumed to be unbiased. *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). This presumption "can be rebutted by a showing of conflict of interest or some other specific reason for disqualification." *Id.* Moreover, although ALJs occasionally can reveal irritation or anger, "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women … sometimes display,' do not establish bias." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)). Instead, a claimant asserting bias must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" *Rollins*, 261 F.3d at 858 (quoting *Liteky*, 510 U.S. at 551). Further, "actual bias," rather than the "mere appearance of impropriety," must be shown in order to disqualify an ALJ. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003).

Here, Plaintiff contends the ALJ was biased because the ALJ interrupted Plaintiff during the hearing and did not properly consider the evidence. Dkt. 11, 15. During the ALJ hearing, it appears both Plaintiff and the ALJ occasionally spoke over one another. *See* AR 40-61. However, there is no indication the ALJ was biased or even impatient, dissatisfied, or annoyed with Plaintiff. For example, at one point, the ALJ instructed Plaintiff to take her time when she could not remember something. *See* AR 49-50. Further, while Plaintiff asserts the ALJ is biased because she misinterpreted and misconstrued the evidence, Plaintiff has provided only

conclusory allegations that any alleged error was because of the ALJ's bias. For these reasons, the Court finds Plaintiff has not shown the ALJ was biased in this case.

**II.     Whether the ALJ failed to properly consider medical opinion evidence.**

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of Dr. Kathleen Andersen and Ms. Catherine Phillips. Dkt. 11.

A.  *Dr. Andersen*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Andersen, a consultative examiner, completed a psychiatric report of Plaintiff on September 16, 2013. AR 268-74. She diagnosed Plaintiff with mood disorder, not otherwise specified ("NOS"), anxiety disorder, NOS, personality disorder with cluster B symptomology, back pain related to scoliosis and early degenerative disk disease, and arachnoid cyst without compromise of her spinal cord. AR 273. Dr. Andersen found Plaintiff has a "very limited repertoire of adaptive coping skills for dealing with anxiety and negative affect." AR 273. She

also found Plaintiff could benefit from treatment; however, Dr. Andersen found Plaintiff's lack of interest in treatment did not bode well for her future improvement. AR 274.

Dr. Andersen stated "[i]t would be difficult to picture [Plaintiff] actually taking on the responsibility of showing up on any sort of regular basis at a job." AR 274. She also opined that Plaintiff's "appearance would be unacceptable in many work situations." AR 274. Dr. Andersen found Plaintiff's "need to express herself dramatically with use of profanity and exaggeration would certainly not be tolerated in most work environments." AR 274. She found Plaintiff would likely need assistance managing her funds. AR 274.

After discussing some of Dr. Andersen's findings, the ALJ gave the opinion little weight because:

> (1) Dr. Anderson's opinion contains no specific vocational restrictions. Rather, it is essentially a statement that the claimant is "disabled" or "cannot work." This is not a medical opinion, but a legal conclusion that is reserved to the Commissioner. (2) Dr. Anderson examined the claimant on a single occasion and, (3) as discussed above, her opinion is inconsistent with the overall record, which does not reflect the inappropriate, dramatic speech by the claimant that Dr. Anderson noted. Dr. Anderson was unware of this inconsistency because, unlike Dr. Comrie, she reviewed no treatment notes.

AR 25 (internal citations omitted, numbering added).[1]

First, the ALJ gave little weight to Dr. Andersen's opinion because it did not contain specific vocational restrictions, but was a legal conclusion that Plaintiff is disabled. AR 25. According to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). Although "'the administrative law judge is not bound by [ ] opinions of the claimant's physicians

---

[1] The record reflects the correct spelling of the doctor's name is "Andersen." *See* AR 274. The ALJ's spelling, "Anderson," appears to be a typographical error.

on the ultimate issue of disability," she cannot reject an opinion on disability without presenting specific and legitimate reasons supported by substantial evidence. *Reddick*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)); *see also Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012).

Here, the ALJ found Dr. Andersen did not opine to vocational limitations, but rather made a conclusion that Plaintiff is disabled. A review of Dr. Andersen's opinion shows Dr. Andersen found Plaintiff would not attend work on a regular basis, Plaintiff's need to express herself would not be tolerated in most work environments, and Plaintiff's appearance would not be tolerated in many work situations. AR 274. Dr. Andersen's opinion shows Plaintiff has limitations in maintaining appropriate behavior in a work setting, communicating and performing effectively in a work setting, maintaining regular attendance, and being punctual within customary tolerances. As such, the ALJ's conclusion that Dr. Andersen's opinion did not contain vocational limitations and only found Plaintiff "disabled" is not supported by the record. Accordingly, the ALJ's first reason for giving little weight to Dr. Andersen's opinion is not valid.

Second, the ALJ found Dr. Andersen's opinion was entitled to little weight because Dr. Andersen only examined Plaintiff on one occasion. AR 25. An examining doctor, by definition, does not have a treating relationship with a claimant and usually only examines the claimant one time. *See* 20 C.F.R. § 404.1527. "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31,

2014). Accordingly, this is not a specific and legitimate reason for rejecting Dr. Andersen's opinion.

Third, the ALJ gave little weight to Dr. Andersen's opinion because it was inconsistent with the overall record, which does not reflect Plaintiff's inappropriate, dramatic speech. AR 25. An ALJ need not accept an opinion which is inadequately supported by the record as a whole. *See Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, a conclusory statement finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-22.

In this case, the ALJ failed to identify any specific evidence contained within the record that is inconsistent with Dr. Andersen's opinion. *See* AR 25. The ALJ references that Dr. Andersen's opinion is inconsistent with the overall record "as discussed above;" however, it is unclear what portions of Dr. Andersen's opinion and the ALJ's decision that the ALJ is referencing. Further, while the ALJ states the treatment notes do not show Plaintiff's need for inappropriate, dramatic speech as noted by Dr. Andersen, the ALJ does not cite to any treatment notes which contradict Dr. Andersen's findings.[2] Without more, the ALJ has failed to meet the level of specificity required, and the ALJ's conclusory statement finding "the overall record" is inconsistent with Dr. Andersen's opinion is not sufficient. *See Garrison*, 759 F.3d at 1012-13 ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion").

---

[2] The Court notes that, even if the ALJ's reason was valid for discounting Dr. Andersen's opinion regarding Plaintiff's inappropriate, dramatic speech, the ALJ has not provided specific and legitimate reasons for discounting Dr. Andersen's opinions regarding Plaintiff's other limitations.

1       The ALJ also noted Dr. Andersen did not review treatment records. AR 25. The ALJ did
2 not explain why Dr. Andersen's failure to review treatment records discredits her opinion. *See*
3 AR 25. In reaching her opinion, Dr. Andersen relied on her own observations, results from a
4 mental status examination she administered, and Plaintiff's reported mental health history and
5 subjective complaints. AR 268-74. Defendant does not cite, nor does the Court find, authority
6 holding an examining physician's failure to supplement her own examination and observations
7 with additional records is, alone, a specific and legitimate reason to give less weight to the
8 opinion. *See* Dkt. 14. Accordingly, the Court finds the ALJ's third reason for giving limited
9 weight to Dr. Andersen's opinion is not specific and legitimate and supported by substantial
10 evidence.

      For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Andersen's opinion. Therefore, the ALJ erred.

      "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties'

'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Andersen's opinion, the RFC may have included additional limitations. For example, Dr. Andersen found Plaintiff was limited in her ability to attend work. AR 274. The ALJ did not include any attendance limitations in the RFC. *See* AR 21. Therefore, if Dr. Andersen's opined limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, Mark Harrington, the ultimate disability determination may have changed. Accordingly, ALJ's error is not harmless and requires reversal.

B.  *Ms. Phillips*

Plaintiff next maintains the ALJ failed to properly consider the opinion evidence of Ms. Phillips, Plaintiff's therapist. Dkt. 11. Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

On September 9, 2013, Ms. Phillips authored a letter stating she saw Plaintiff for psychotherapy for a total of two years from May of 2010 through April of 2012. AR 267. She

stated she only saw Plaintiff sporadically during the second year of treatment. AR 267. Ms. Phillips opined that Plaintiff has significant anxiety in relationships and, at times, has challenges accurately perceiving reality due to profound anxiety. AR 267. She also opined that Plaintiff would have "great difficulty engaging in sustained work due predominately to major problems sustaining relationships with others and self." AR 267.

The ALJ gave little weight to Ms. Phillips's opinion, stating:

> (1) Ms. Phillips provided neither an evaluation nor treatment notes with objective findings to substantiate her opinion. (2) The opinion is also inconsistent with the overall treatment record, which, as discussed above, reflects few findings indicative of disabling social restrictions purported by Ms. Phillips. (3) Furthermore, Ms. Phillips did not have a full knowledge of the claimant (sic) functional status during the relevant period because, as of the date of her opinion, she had not seen the claimant in one and a half years.

AR 25.

First, the ALJ gave little weight to Ms. Phillips's opinion because she did not provide an evaluation or treatment notes to support her opinion. AR 25. An ALJ need not accept an opinion, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *Bayliss*, 427 F.3d at 1216; *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, Ms. Phillips provided only a conclusory opinion regarding Plaintiff's functional limitations. *See* AR 267. Further, the Court does not find, nor does Plaintiff cite, any of Ms. Phillips's treatment notes in the record. As Ms. Phillips's opinion is brief and conclusory, and is not supported by any clinical findings, the Court finds the ALJ has provided a germane reason for giving little weight to Ms. Phillips's opinion. *See Molina*, 674 F.3d at 1111 (determining the ALJ provided germane reasons when he found a physician's assistant failed to provide supporting reasoning or clinical findings for her opinion and the opinion was conclusory).

As the ALJ has provided a germane reason for discounting Ms. Phillips's opinion, the Court need not determine if the remaining reasons provided by the ALJ are sufficient to discount the opinion. *See Doney v. Berryhill*, 2018 WL 1548200, at *2 (9th Cir. Mar. 30, 2018) (finding the ALJ did not err when he gave a germane reason for discounting an occupational therapist's opinion); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding ALJ's rejection of lay witness testimony because, even though two of the ALJ's reasons were not legally sufficient, the ALJ provided one germane reason). However, because the Court has found the ALJ erred in her consideration of Dr. Andersen's opinion, the ALJ is directed to re-evaluate the medical evidence, including Ms. Phillips's opinion, on remand.

### III. Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 14. The Court concludes the ALJ committed harmful error in assessing the medical opinion of Dr. Andersen. *See* Section II, *supra*. Because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony, on remand, the ALJ must reconsider Plaintiff's subjective testimony.[3]

### IV. Whether the ALJ erred in considering the vocational expert's testimony.

Plaintiff contends the ALJ erred in her consideration of the vocational expert's ("VE") testimony. Dkt. 11, 15. Specifically, Plaintiff alleges the ALJ did not account for all Plaintiff's severe impairments in the hypothetical questions posed to the VE and the jobs relied on by the ALJ do not exist in significant numbers in the regional or national economy. Dkt. 11, 15.

---

[3] The Court notes Plaintiff cites to specific portions of the record that the ALJ incorrectly considered. As the Court finds remand is necessary in this case, the Court declines to discuss each specific alleged error raised by Plaintiff.

1    Regardless of whether the ALJ properly relied on testimony provided by the VE, the
2 Court concludes the ALJ committed harmful error when she failed to properly consider Dr.
3 Andersen's opinion. *See* Section II, *supra*. The ALJ must therefore reassess the RFC on remand.
4 *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address
5 medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690
6 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must
7 reassess Plaintiff's RFC on remand, she must also re-evaluate the findings at Step 5 to determine
8 if there are jobs existing in significant numbers in the national economy Plaintiff can perform in
9 light of the re-evaluated RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22,
10 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational
11 expert defective when the ALJ did not properly consider a doctor's findings). As a result, the
12 Court declines to address Plaintiff's arguments in detail.

13   The Court, however, notes it is proper for an ALJ to limit a hypothetical question to
14 restrictions supported by substantial evidence in the record. *Magallanes*, 881 F.2d at 756–57;
15 *Bayliss*, 427 F.3d at 1217–18. Therefore, Plaintiff's disagreement over the limitations included in
16 the hypothetical question relied on by the ALJ is not sufficient to show error. Plaintiff must show
17 that errors in the ALJ's consideration of the evidence resulted in an error in the hypothetical
18 question posed to the VE.

19   Additionally, the Court finds the jobs relied on by the ALJ at Step Five constitute
20 significant numbers in the national economy. "[W]ork exists in the national economy when it
21 exists in significant numbers either in the region where [the individual lives] or in several other
22 regions of the country." 20 C.F.R. § 416.966(a). The Ninth Circuit has stated, "[i]f we find *either*
23 of the two numbers "significant," then we must uphold the ALJ's decision." *Beltran v. Astrue*,
24

700 F.3d 386, 390 (9th Cir. 2012) (emphasis in original). Here, the ALJ provided three jobs, two of which had 25,000 jobs nationally and one which had 200,000 jobs nationally. AR 26. The Court finds these nationwide job numbers, provided by the VE and relied on by the ALJ, are "significant." *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (25,000 nationwide jobs significant); *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (622,000 nationwide jobs significant); *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (125,000 nationwide jobs significant); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (64,000 nationwide jobs significant).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 13th day of June, 2018.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge